IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BURL VOGEL, )
)
        Plaintiff, )
)
vs. ) Case No. 11-cv-0649-MJR-PMF
)
CASEY'S GENERAL STORES, INC., )
)
        Defendant. )

## MEMORANDUM AND ORDER

Reagan, District Judge:

      Alleging injuries sustained during a slip-and-fall at the Greenville, Illinois "Casey's" convenience store, Burl Vogel (an Illinois citizen) filed suit in Bond County Circuit Court naming a single Defendant – Casey's General Stores, Inc. (an Iowa citizen). Casey's General Stores, Inc. ("CGS") timely removed the case to this District Court, which enjoys subject matter jurisdiction via the federal diversity statute, 28 U.S.C. 1332.

      On July 27, 2011, CGS moved to dismiss plaintiff's complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion asserts that at the time Plaintiff allegedly sustained the injuries, CGS did not own the premises in question. Submitted with the dismissal motion is documentation (an affidavit, a warranty deed, and a certificate of good standing) establishing that in June 2004, well prior to Burl Vogel's fall, CGS conveyed the property to Casey's Retail Company, a different and separate corporation.

      The gist of CGS's motion is that Plaintiff's complaint fails to state a claim because under Illinois law, an owner cannot be held liable for injuries sustained by third

persons entering premises subsequent to the transfer of possession and control of the premises. Plaintiff missed the deadline for responding to the dismissal motion and failed to request additional time to do so. Local Rule 7.1 of this District Court provides that failure to oppose a dismissal motion may be considered an admission of the merits of the motion. Plaintiff is represented by counsel, who presumably is familiar with the deadlines for motion practice in this Court, so the Court typically would grant the dismissal motion. A significant obstacle exists to that path here, though.

The law of this Circuit provides that "a Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." ***Miller v. Herman***, **600 F.3d 726, 733 (7th Cir. 2010),** *citing* **FED. R. CIV. P. 10(c), FED. R. CIV. P. 12(d), and *Segal v. Geisha NYC, LLC,* 517 F.3d 501, 504-05 (7th Cir. 2008).** If matters *outside* the pleadings are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." **FED. R. CIV. P. 12(d).**

If this course is taken, all "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." ***Id. See also Doss v. Clearwater Title Co.,* 551 F.3d 634, 639-40 (7th Cir. 2008).** Seventh Circuit law indicates that "[a]dequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment," ***Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150,* 433 F.3d 1024, 1029 (7th Cir. 2006),** but CGS did not do that in the instant case. The motion seeks only dismissal under Rule 12(b)(6). (Also bearing note is the fact the motion seeks dismissal of the *complaint*, not the action, albeit dismissal with prejudice.)

So, before considering the affidavit, deed and certificate submitted with CGS's motion, the undersigned Judge must convert the Rule 12(b)(6) motion to a summary judgment motion, notify counsel of this conversion, and allow them an opportunity to present material pertinent to the motion.[1] The Court hereby does so but also offers Plaintiff an alternative.

On or before **September 16, 2011**, Plaintiff shall either file a response to CGS's July 27, 2011 motion (Doc. 4, which the Court converts to a summary judgment motion thereby allowing consideration of the attached material) OR file a first amended complaint. Failure to timely take one of these actions will result in **dismissal** of this case for want of prosecution.

IT IS SO ORDERED.

DATED September 2, 2011.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge

---

[1] Of course, the Court could simply ignore the attached materials and resolve the motion under Rule 12(b)(6), as a motion to dismiss for failure to state a claim. That would mean almost certain denial, since at "the motion-to-dismiss stage of the proceedings, the judge [is] required to accept the plaintiffs' version of events as true," and that includes allegations regarding the ownership of the premises on which plaintiff slipped and fell. *Faulkenberg v. CB Tax Franchise Systems, LP,* 637 F.3d 801, 804 (7th Cir. 2011). *See also AnchorBank, FSB v. Hofer*, -- F.3d --, 2011 WL 3629726 (7th Cir. August 18, 2011)(noting that the bar to survive a Rule 12(b)(6) motion is not high, and "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."), and *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492-93 (7th Cir. 2011)(reiterating that on a Rule 12(b)(6) motion, district court must accept as true all well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor).