IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BURL VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0649-MJR-PMF |
| | ) | |
| | ) | |
| CASEY'S RETAIL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

A.   Introduction and Procedural Overview

In June 2011, Burl Vogel filed a personal injury suit against Casey's General Stores, Inc. (CGS) in the Circuit Court of Bond County, Illinois. CGS timely removed the case to this Court on July 27, 2011, where subject matter jurisdiction lies under the federal diversity statute, 28 U.S.C. 1332. The case was randomly assigned to the undersigned District Judge. CGS immediately moved to dismiss the complaint for failure to state a claim, explaining that it (CGS) did not own or operate the convenience store in which Vogel allegedly sustained his injuries. The owner of the store was Casey's Retail Company – a separate Iowa corporation.

Vogel amended his complaint on October 17, 2011 substituting Casey's Retail Company ("Casey's") for CGS. The amended complaint (which rendered the dismissal motion moot) alleges that Vogel sustained injuries to his head, neck, right shoulder,

right arm, and lower extremities when he fell at Casey's convenience store in Greenville, Illinois on July 20, 2010 -- a fall Vogel alleges was due to Casey's negligence in maintaining the store (specifically, failing to keep the floor free of foreign substances).

Casey's answered the amended complaint, and a Scheduling Order was entered, which culminates in a September 14, 2012 final pretrial conference and September 24, 2012 jury trial. Now before the Court is Casey's summary judgment motion and supporting memorandum. The motion ripened ripe with the filing of a reply brief on July 19, 2012. The issue before the Court is straightforward, and the decision on summary judgment presents a close call. But for the reasons stated below, the Court denies the motion. Analysis begins with reference to the standard governing summary judgment motions filed in federal district court.

B.   Applicable Legal Standards

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment should be granted if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(a).**

In assessing a summary judgment motion, the district court must construe all facts in the light most favorable to, and draw all legitimate inferences in favor of, the nonmovant. *Righi v. SMC Corp.*, **632 F.3d 404, 408 (7th Cir. 2011);** *Delapaz v. Richardson,* **634 F.3d 895, 899 (7th Cir. 2011);** *Spivey v. Adaptive Marketing, LLC,* **622 F.3d 816, 822 (7th Cir. 2010);** *Reget v. City of La Crosse*, **595 F.3d 691, 695 (7th Cir. 2010).**

But once the movant challenges the factual support and legal soundness of the plaintiff's claim, the plaintiff acquires the burden of demonstrating that a genuine fact issue remains for trial. *Marcatante*, 657 F.3d at 440, *citing Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 787 (7th Cir. 2007). *See also Reget*, 595 F.3d at 695.

A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, to survive summary judgment, the plaintiff must produce admissible evidence on which a jury could find in his favor. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).

C. Analysis

Burl Vogel's personal injury claim is rooted in Illinois negligence law.[1] To establish a claim for negligence under Illinois law, a plaintiff must prove the existence of a duty of care (from defendant to plaintiff), a breach of that duty, and an injury proximately caused by the breach. *Swearingen v. Momentive Specialty Chemicals, Inc.*, 662 F.3d 969, 972 (7th Cir. 2011), *citing Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). Whether a duty is owed presents a question of law; breach and proximate cause present questions of fact. *Id.*

---

[1] Because subject matter jurisdiction rests on diversity of citizenship, this Court applies federal procedural law and Illinois substantive law. *See, e.g., Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1148 (7th Cir. 2010); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

In the instant case, there is no dispute that Burl Vogel was a business invitee at the convenience store, and Casey's owed him a duty of reasonable care. *See, e.g., Swearingen,* **662 F.3d at 972,** *quoting Marshall v. Burger King Corp.,* **856 N.E.2d 1048, 1063 (Ill. 2006)(As a general rule in Illinois, a landowner owes a business invitee "the duty of exercising ordinary and reasonable care to see that the premises are reasonably safe for use.").**

Although the parties presumably disagree as to the nature and extent of the injuries sustained by Vogel, the record leaves no room for dispute that he fell at Casey's. A Casey's cashier who was on duty at the time, Karen Stengel, witnessed the fall and helped Vogel get up off the floor. While doing so, Stengel saw a coffee stirrer, roughly four to five inches long, and a plastic wrapper on the floor. She testified that Vogel was approaching the counter to pay, he was walking right up to her, and he "just went down. I mean, it appeared to me his feet kind of went out from underneath him" (Stengel Deposition, pp. 25-26).

Ms. Stengel further testified: "… from what I could see, he fell on a coffee stirrer…. He slipped, he went down, he fell on something…." (Stengel Depo., pp. 32). Burl Vogel similarly testified in his own deposition that he slipped, his feet went out from under him, and he then saw a straw cover and a piece of waxy paper that could have been a candy wrapper, a cake wrapper, or a "Twinkie" wrapper about four inches long right under his feet (Vogel Depo., pp. 23-25).

The dispute here centers on the breach – i.e., did Casey's have sufficient notice that debris was on the store floor such that Casey's can be held liable for Vogel's fall?

Page | 4

Under Illinois law, a business owner breaches its duty to an invitee who slips on a foreign substance if: (1) the substance was placed there by the negligence of the owner; or (2) the owner's servant knew of the substance's presence; or (3) the substance was there a sufficient length of time that, in the exercise of ordinary care, it should have been discovered. *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, **953 N.E.2d 427, 431 (Ill. App. 2011).**

Stated another way, liability can be imposed when a business invitee is injured slipping on a foreign substance if the invitee establishes that the owner had actual notice or constructive notice of the dangerous condition or substance that caused the fall. *Reid v. Kohl's Department Stores, Inc.*, **545 F.3d 479, 481 (7th Cir. 2008),** *citing Pavlik v. Wal-Mart Stores, Inc.*, **753 N.E.2d 1007 (Ill. App. 2001).** Here, the record before the Court contains no evidence that Casey's had actual notice of the debris on the floor when Burl Vogel fell. The question is whether Casey's had constructive notice of the debris.

More specifically, the issue is whether the debris was on the floor long enough to be discovered by the exercise of ordinary care. "Where constructive notice is alleged, '[o]f critical importance is whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered.'" *Reid*, **545 F.3d at 482,** *quoting Torrez v. TGI Fridays, Inc.*, **509 F.3d 808, 811 (7th Cir. 2007), and** *Tomczak v. Planetsphere, Inc.*, **735 N.E.2d 662, 666 (Ill. App. 2000).** "Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Reid*, **545 F.3d at 482.**

There is no bright-line rule as to the requisite amount of time a foreign substance must be on the floor to establish notice; rather the court must look to the circumstances of each particular case to decide if the amount of time gave rise to notice. *Reid,* **545 F.3d at 483,** *citing Peterson v. Wal-Mart Stores, Inc.,* **241 F.3d 603 (7th Cir. 2001).** Circumstances that factor into this equation include the number of customers in the store (smaller number of customers lessens the likelihood of a hazardous condition and decreases the frequency of required inspections), and the size of the business (inspecting a small convenience store presents less of a burden than inspecting a large department store or business). *See, e.g., Peterson,* **241 F.3d at 604-05.**

In *Peterson,* the Court of Appeals for the Seventh Circuit (applying Illinois law) reversed a district court's grant of summary judgment in favor of a store owner in a slip-and-fall negligence case. Judge Posner explained that a store owner's duty to customers is not only to prevent careless spillage by its employees but also to be on the lookout for spillage by customers or invitees and clean the spills up promptly. "Satisfaction of the latter half of this duty, the duty of inspection and clean up, does not require continuous patrolling of the aisles, … the cost would be disproportionate to the benefit. But it may require, in self-service stores where customer service is heavy and the probability of a slip and fall therefore high … frequent and careful patrolling." *Peterson,* **241 F.3d at 604-05.**

Assessing all the circumstances of the instant case, and cognizant that "[n]otice is generally a question of fact for the jury to decide," *Hornacek v. 5th Ave. Property Mgt.,* **959 N.E.2d 173, 183 (Ill. App. 2011),** s*ee also Russell v. Village of Lake Villa,* **782 N.E.2d**

**906, 912 (Ill. App. 2002),** this Court declines to find *as a matter of law* that the wrappers or substances were on the floor too short a time in which to reasonably be discovered by Casey's employees.

Casey's motion is based almost entirely on Karen Stengel's testimony that she mopped the floor a short time before Vogel fell. When asked how long before the accident she had mopped, Karen replied: "Possibly five minutes" (Stengel Depo., p. 51). This answer does not ring with certainty, and the cashier may have had an understandable inclination to minimize her role (if any) in contributing to or failing to prevent the accident. The jury should hear all the evidence (and judge the witnesses' credibility) regarding how, where, and when the floor was mopped prior to Vogel's fall. In other words, material fact issues linger.

Furthermore, Casey's is a convenience store, not a large department store or "big-box" building in which patrolling the square footage is a daunting undertaking requiring considerable manpower and time. The materials were on the floor directly in front of the cash register/check-out area. This area, just feet from where Karen Stengel was working, should have been easy enough to quickly, routinely scan from the cashier's post, in between moppings, especially on a day where (as she testified in her deposition) she was not the only employee in the store, and they "were not really really busy" (Stengel Depo., p. 25). The location of the fall was a (most likely *the*) high-traffic spot in the store – the checkout counter. Additionally, the store sold self-serve soft drinks and coffee, the purchase of which necessarily involve dispensing ice, liquids, straws or stirrers, which are prone to spillage and unceremonious discard.

Viewing the evidence in the light most favorable to Burl Vogel, the Court concludes that a reasonable jury could find that Casey's had sufficient time, prior to Vogel's fall, to discover the presence of the substance on which he slipped. The Court cannot conclude, as a matter of law, on the record now before it that the debris was on the floor too short a period of time to constitute constructive notice.

D.  Conclusion

Plaintiff has pointed to admissible evidence on which a jury could find in his favor. Because genuine issues of material fact remain for trial, the Court **DENIES** Casey's motion for summary judgment (Doc. 29).

IT IS SO ORDERED.

DATED August 19, 2012.

                                          s/ Michael J. Reagan
                                          Michael J. Reagan
                                          United States District Judge